Argued September 29, affirmed October 20, 1925.

## WYMA JUNGWIRTH *v.* P. B. JUNGWIRTH.

(240 Pac. 222.)

**Continuance—Continuance in Divorce Action Held Properly Denied.**

1. In suit for divorce, continuance to defendant *held* properly denied, where case had been at issue on facts for some two months, and affidavits in support of motion failed to disclose what witnesses would testify to or that their testimony was material.

**Pleading—Complaint Held Sufficient in Absence of Attack by Motion or Demurrer.**

2. Complaint in action for divorce on ground of cruelty, *held* sufficient, in absence of attack by motion or demurrer, though not stating cause of suit in plain and concise language.

---

(1) 4 **C. J.** 178, 809; 13 **C. J.** 123, 184, 185.    (2) 31 **Cyc.** 82.

From Klamath: C. F. Stone, Judge.

Department 2.

Affirmed.

For appellant there was a brief over the name of *Mr. Fred A. Baker,* with an oral argument by *Mr. W. H. Trindle.*

---

1. See 6 **R. C. L.** 564.

For respondent there was a brief over the name of *Messrs. O'Neill & Irwin,* with an oral argument by *Mr. Irwin.*

BELT, J.—Plaintiff sues for divorce and the custody of her child, a boy six years of age. The substance of her complaint against defendant is as follows:

"That since said intermarriage, and while plaintiff and defendant were residing at Pendleton, Umatilla County, Oregon, and particularly between from on or about the 6th day of July, 1917, to and inclusive of the 21st day of September, 1917, this defendant has treated this plaintiff and has behaved toward her in such a cruel and inhuman manner, and has rendered to plaintiff personal indignities to the degree of making her life burdensome and oppressive by a systematic course of ill treatment consisting of this defendant being insanely jealous of this plaintiff and frequently accusing this plaintiff of consorting with other men, and of being out with other men in their company and enjoying their entertainment, and of clandestinely so doing when at such times, and then only, this plaintiff was out with lady friends, and that later when this plaintiff was residing in the city of Portland, Oregon, this defendant in the presence of friends of this plaintiff and defendant and their acquaintances would make remarks and statements that this plaintiff had been out with company in his absence and indicating she was 'running with other men.' That his accusations were frequent and habitual, and made regardless of who was present, and that such remarks and jealousy greatly embarrassed this plaintiff among her friends and neighbors, and brought her into and made this plaintiff the object of remarks, and unfavorable comment among the same, and has continuously caused this plaintiff great anguish of mind."

On December 12, 1921, defendant filed his answer and cross-complaint charging defendant with desertion and alleging:

"She has been guilty of divers and sundry acts and offenses against decency and morality which render her incompetent and unfit to care for and have the custody and control of said minor child, in this, that during the months of July, August and September, A. D. 1917, the plaintiff, over the protest of defendant, on several occasions attended dances at the city of Pendleton, Oregon, with one Glenn Doe, whose true name is to defendant unknown, and during said period was many times out on the street at late hours of the night in company with said Glenn Doe, and after on or about the 24th day of September, A. D. 1917, the plaintiff for some months kept up a clandestine correspondence with said Glenn Doe, both while he was a resident of Pendleton, Oregon, and after he had entered the United States army; that during the months of January and February, 1918, while plaintiff and defendant were residing in the city of Portland, the plaintiff would leave her child with defendant and would attend dances and take automobile rides with men, many of whom were unknown to defendant, and that during said times the plaintiff was frequently in the company at dances, on the street, and in automobiles, with one Ernest Taylor; that about the month of January or February, 1919, the plaintiff was frequently in the company of one Clyde Lawrence and visited said Clyde Lawrence, and remained in his rooms in Portland, Oregon, until late hours of the night, and at one time left a part of her clothing in the rooms of said Clyde Lawrence; that the association of plaintiff with the several persons named herein and with others was so open and notorious as that the general reputation of the plaintiff in the city of Portland among her friends and acquaintances was not good, and that it is not for the best interests of the minor child, Bernard William Jungwirth, that he be left in the care and custody of the plaintiff herein."

Defendant prays for a decree of divorce and that he be awarded the care and custody of the child.

On February 27, 1922, the court set the case for trial on March 4, 1922. On the date of trial counsel for defendant filed a motion for continuance, but it was denied for the reason, as stated by the court, that the case had been at issue on the facts since December 12, 1921, and by the exercise of reasonable diligence defendant could have been ready for trial. It was also properly noted by the trial court that the affidavits in support of the motion failed to disclose what the witnesses would testify to or that their testimony was material. When the cause came on for hearing on its merits, defendant failed to appear in person or to offer any testimony, but was represented by counsel, who cross-examined plaintiff and her witnesses. The trial court rendered a decree of divorce in favor of plaintiff and awarded to her the care and custody of her minor child. Defendant appeals, and assigns error in that: (1) The motion for continuance was denied; and (2) a decree was entered in favor of plaintiff, whereas (a) the complaint fails to state facts sufficient to constitute cruel and inhuman treatment, and (b) the evidence fails to show any cause for divorce. It is not seriously contended that a decree of divorce should have been rendered in favor of defendant, as no evidence was offered to warrant the court in so doing.

1. A consideration of the affidavits in support of the motion for continuance convinces us there was no abuse of discretion manifested in the ruling of the court. The reasons announced by the court for denying the motion impress us as being sound.

2. Is the complaint sufficient in the absence of attack by motion or demurrer? We think so. It can hardly be said that the complaint follows the admonition of the statute by stating the cause of suit in plain and concise language; but, by giving

every reasonable intendment in its favor and considering the allegations of the cross-complaint in relation thereto, we believe it will suffice. Praised be he who can state a cause in a clear, simple and succinct manner, and then stop.

A recital of the evidence might prove of interest to the litigants, but not to the profession. Careful study of the transcript of evidence leads us to the conclusion that the decree of the lower court is right, and it is therefore affirmed. Plaintiff is entitled to her costs and disbursements herein.

AFFIRMED.

McBRIDE, C. J., and BEAN and BROWN, JJ., concur.